# Exhibit B

Filed
3/18/2015 3:38:45 PM
Esther Degollado
District Clerk
Webb District
2015CVF000956 D2

CAUSE NO. 2015CVF000956 D2

| | | |
|---|---|---|
| LILIANA ARJONA-BAROCIO | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | 111TH JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS AND JACK FIELDER | § | |
| Defendants | § | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES LILIANA ARJONA-BAROCIO ("Plaintiff"), complaining of ASI LLOYDS ("ASI Lloyds") and JACK FIELDER ("Fielder") (collectively, "Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this case under Level 1 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure. Plaintiff currently seeks only monetary relief of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, LILIANA ARJONA-BAROCIO, is a resident of Webb County, Texas.

Defendant, ASI LLOYDS, is a corporation engaged in the business of insurance in this state. It may be served with process by serving its registered agent, Rodney D. Bucker, by certified mail, return receipt requested, at 700 North Pearl Street, 25th Floor, Dallas, Texas 75201-2825. Plaintiff requests service at this time.

Defendant, JACK FIELDER, is a Texas citizen residing in Texas and may be served with process by certified mail, return receipt requested, at 16407 County Road 283, San Antonio, Texas 78253. Plaintiff requests service at this time.

### III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

### IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 169 for Expedited Actions, the Plaintiff seeks only monetary relief in an aggregate amount of $100,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

Venue is proper in Webb County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Webb County, Texas.

### V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS

A.   Plaintiff is the owner of a Texas Homeowners Policy No. TXL281188, issued by ASI Lloyds (the "Policy").

B.    Plaintiff owns the insured property, which is specifically located at 119 Broadcrest Dr.,

Laredo, Texas 78045 (the "Property").

C.    ASI Lloyds, or its agent, sold the Policy, insuring the Property, to Plaintiff.

D.    In or about May 2014, Plaintiff experienced a storm that damaged the Property. In its track,

the storm left behind widespread damage to the Property, Plaintiff's home.

E.    The Plaintiff immediately submitted a claim to ASI Lloyds. ASI Lloyds assigned an

adjuster, Jack Fielder ("Fielder"), to adjust the claim. ASI Lloyds assigned claim number

297657144402120413 to Plaintiff's claim.

F.    Fielder, on behalf of ASI Lloyds, inspected Plaintiff's property after the storm.  During the

inspection, Fielder, on behalf of ASI Lloyds, was tasked with the responsibility of

conducting a thorough and reasonable investigation of Plaintiff's claim, including

determining the cause of and then quantifying the damage done to Plaintiff's home.

G.    Fielder, on behalf of ASI Lloyds, prepared a repair estimate, which vastly under-scoped the

actual covered damages to the home. Based upon Fielder's estimate, ASI Lloyds

determined that no payment was due on Plaintiff's claim.  Thus, Defendants demonstrated

they did not conduct a thorough investigation of the claim.

H.    Defendants failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do

under the Policy and Texas law. By failing to properly investigate the claim and wrongfully

denying full coverage to Plaintiff, Defendants engaged in unfair settlement practices by

misrepresenting material facts to Plaintiff.

I.    Defendants failed to perform their contractual duty to adequately compensate Plaintiff under

the terms of the Policy. Specifically, Defendants failed and refused to properly pay proceeds

of the Policy, although due demand was made for proceeds to be paid in an amount

sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendants' conduct constitutes a breach of the insurance contract.

J.   Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

K.   Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

L.   Defendants failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's claims. Tex. Ins. Code § 541.060(a)(3).

M.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

N.   Defendants refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed

an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

O.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

P.    Defendants failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

Q.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendants' conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

R.    From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full

payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

S.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendants have failed to and refused to pay Plaintiff for the proper repair of the property.

T.     The Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A.  Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendants have the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

Defendants' failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendants' contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B.  Cause of Action for Violation of Section 542**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of the Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. Additionally, if it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants will have automatically violated Section 542 in this case.

**C.  DTPA Cause of Action**

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. The Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. The Plaintiff has met all conditions precedent to bringing this cause of action against ASI Lloyds. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46(b)(2), (5), (7), (12) and (19) of the DTPA. In this respect, Defendants' violations include, without limitation:

A.  (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.  As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.  As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.  As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.  Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles the Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.  Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a

grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.    Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## D. Cause of Action for Unfair Insurance Practices

The Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

The Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. The Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of the Plaintiff's claim and Defendants' failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claim settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures, and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to

determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

### VIII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

### IX.  DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. The Plaintiff is also entitled to recover consequential damages from Defendants' breach of contract. The Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. All the damages described in this petition are within the jurisdictional limits of the Court and the Plaintiff seeks only monetary relief in an aggregate amount of less than $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### X.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI.  EXEMPLARY DAMAGES

Defendants' breach of their duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XII.  ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

The Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and

Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

### XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

ALLAN, NAVA, GLANDER & HOLLAND, PLLC
825 W.  Bitters Road, Suite 102
San Antonio, Texas 78216
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@ANGlawfirm.com

By:

WES HOLLAND
State Bar No. 24007379
WILLIAM N. ALLAN, IV
State Bar No.  24012204
ATTORNEYS FOR THE PLAINTIFF

### PLAINTIFF'S, LILIANA ARJONA-BAROCIO, REQUESTS FOR DISCLOSURE TO DEFENDANT, ASI LLOYDS

TO:    ASI LLOYDS, Defendant

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information requested below.

### REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct name of the parties to the lawsuit.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases for your claims or defenses.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:

(a)    the expert's name, address, and telephone number;

(b)    the subject matter on which the expert will testify;

(c)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(d)    if the expert is retained by, employed by, or otherwise subject to your control:

      (i)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

      (ii)    the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

     Pursuant to Tex. R. Civ. Pro. 190.2(b)(6) governing expedited actions, in addition to the content subject to disclosure under Rule 194.2, we request the following:

**REQUEST FOR DISCLOSURE 190.2(b)(6):** Disclosure of all documents, electronic information, and tangible items that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses.

**RESPONSE:**

**PLAINTIFF'S, LILIANA ARJONA-BAROCIO, FIRST REQUESTS FOR
PRODUCTION TO DEFENDANT, ASI LLOYDS**

TO:     ASI LLOYDS, Defendant

Instructions: Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to

produce the below-designated documents.

Pursuant to Rule 196.3, you are requested to serve responses and originals or copies of the

originals at the law offices of ALLAN, NAVA, GLANDER & HOLLAND, PLLC. Pursuant to Rule

196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the

Requests.

Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course

of business, or organized and labeled to correspond to the requests for production.

As used herein, the following terms shall have the meaning indicated below:

A.      "Person" means natural persons, corporations, partnerships, sole proprietorships,
unions, associations, federations or any other kind of entity.

B.      "Document" means any printed, typewritten, handwritten, mechanically or otherwise
recorded matter of whatever character, including but without limitation, letters,
purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries,
reports, calendars, inter- and intra-office communications, statements, investigative
reports, announcements, depositions, answers to interrogatories, pleadings,
judgments, newspaper articles, photographs, tape recordings, motion pictures and
any carbon or photographic copies of any such material if you do not have custody
or control of the original. If any document requested to be identified was, but is no
longer in your possession or control or is no longer in existence, state whether it is
(1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to
others and, if so, to whom, or (4) otherwise disposed of; and in each instance explain
the circumstances surrounding an authorization of such disposition thereof, state the
approximate date thereof and describe its contents.

C.      "You and "Your" shall mean the party to whom these questions are directed as well
as agents, employees, attorneys, investigators and all other persons acting for said
"party".

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**   The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**   All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage coverage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**   All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the house, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's homeowners' insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**   All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff, Plaintiff's Property, and Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**   All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff, Plaintiff's Property, and Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**   All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff, Plaintiff's Property, and Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant companies, regarding Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents, including reports, affidavits, estimates, manuals, guides, log notes/diary entries, letters, data, emails, testing, sampling, summaries, videos, photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit, and the inspection thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff under Plaintiff's homeowner insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiff's Property. This request is limited to the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Any and all records and/or documents maintained by person(s) responsible for the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** Any and all records or documents, including Claim Service records or claim files those obtained by way of deposition by written questions, Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Any and all materials, documents, statements and/or files, including those received from the Texas Department of Insurance, the Texas Insurance Commissioner, or its agents, that reflect complaints and/or lawsuits filed by insureds against Defendant regarding the handling, review and/or adjusting of homeowner insurance claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff under Plaintiff's insurance policy in effect during the time of the insurance claims made the basis of this lawsuit, and which was issued by Defendant.

**RESPONSE:**

## PLAINTIFF'S, LILIANA ARJONA-BAROCIO, FIRST SET OF INTERROGATORIES TO DEFENDANT, ASI LLOYDS

TO:    ASI LLOYDS, Defendant

NOW COMES LILIANA ARJONA-BAROCIO, Plaintiff in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, answer the following Interrogatories under the provisions of Rule 197 of the Texas Rules of Civil Procedure, and Plaintiff requires that answers to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

### INSTRUCTIONS

The undersigned party propounds the attached questions to you under the provisions of Rule 197 of the Texas Rules of Civil Procedure. These questions are being served on your attorney and answers to the Interrogatories should, to the extent possible, be answered in the spaces provided; and if additional space is needed, please use additional sheets or the back of the preceding page. You are notified that this party specifies that the answers shall be filed and served upon the undersigned on or before the expiration of fifty (50) days from the date of the service of these questions; and the questions and your sworn answers may be offered in evidence at the trial of this lawsuit.

In answering these questions, please furnish all information available to you, including information in the possession of your attorney, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the Interrogatory in full after exercising due diligence to secure the information, so state in your answer and, to the extent possible, answer stating whatever information or knowledge you have.

These Interrogatories are to be considered as continuing, and you are requested to provide by way of supplemental answers such additional information as you or any other person acting on your behalf may obtain which will augment or otherwise modify your answers given to the Interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

The following terms shall have the meaning indicated below:

a.      "Person" means natural persons, corporation, partnerships, sole proprietorships, associations, or any other kind of entity or its agents, servants and employees.

b.      "Document" means any written instrument, recorded matter of whatever character, including but without limitation, contracts, letters, purchase orders, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, statements, investigative reports, announcements, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, and anything else in writing.

c.      "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

d.      "Misconduct" is defined as an activity, act, or omission to act which result in a breach of warranty, express or implied, violation of any statute, regulation, or industry standard, whether relating to safety or otherwise, or a breach of any duty of any care.

e.      "Plaintiff" is defined as the party who is propounding these Interrogatories to you and any of its agents, servants or employees.

f.      "Occurrence" shall mean the accident, event or happening as set forth in the Plaintiff's complaint that has given rise to this lawsuit.

Whenever an Interrogatory asks information concerning a document, you are requested to attach a copy of that document to your answers.

In each question wherein you are asked to identify a person, please state with respect to such person his/her full name, last known address and home telephone number.  If the person to be

identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** State whether Defendant contends that any conditions precedent to Plaintiff's recovery has not been met, whether said conditions be stated in the insurance policy or required by law.  If so, state what conditions have not been met.

**ANSWER:**

**INTERROGATORY NO. 3:** List the date(s) Defendant requested that Plaintiff provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s).

**ANSWER:**

**INTERROGATORY NO. 4:** List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages, the date(s) Defendant first acknowledged Plaintiff's notice of claim(s), and in what form the notice of claims was submitted.

**ANSWER:**

**INTERROGATORY NO. 5:** State whether Defendant contends that Plaintiff did not provide any named Defendant(s) in this cause of action with requested information that was required in order to properly evaluate Plaintiff's claim(s). If so, state what information was requested and not provided, and the dates of the requests.

**ANSWER:**

**INTERROGATORY NO. 6:** State the name, address, telephone number, and job title or position of all persons who issued, adjusted, investigated, reviewed, handled, made entries, made decisions, or exchanged any documents or communications, including electronic, regarding Plaintiff's insurance policy or the claim(s) made the basis of this lawsuit, including the name, address, and telephone number of the supervisor of the identified person. For any such person who is no longer an employee, agent, or representative of any defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 7:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's denial or payment and/or recommendation of denial or payment of Plaintiff's claims.

**ANSWER:**

**INTERROGATORY NO. 8:** State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's failure to pay for Plaintiff's full claims.

**ANSWER:**

**INTERROGATORY NO. 9:** State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060, formerly known as Article 21.21, or violations of Texas Insurance Code §542.055, at seq., formerly known as Article 21.55, in the handling of first party claims for property damage coverage under homeowner insurance policies.

**ANSWER:**

**INTERROGATORY NO. 10:** State the legal theories and describe the factual bases, for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §541.060, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 11:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055, in that Defendant followed all statutory deadlines, and by no later than the 15th day of notice of the claims (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner) the claim-handling deadlines under this subchapter are extended for an additional 15 days acknowledged receipt of the claim, commenced investigation of the claim, and requested any proper documents from Plaintiff's reasonably believed necessary to conduct such investigation, made additional requests during the investigation as necessary, and if acknowledgment of receipt of the claims was not in writing, made record of the date, manner and content, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 12:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056, in that Defendant followed all statutory deadlines by notifying Plaintiff's in writing the acceptance or rejection of Plaintiff's claims no later than the 15th business day after receipt of any requested information from Plaintiffs, (in the event of a weather-related catastrophe or major natural disaster, as defined by the commissioner, the claim-

handling deadlines under this subchapter are extended for an additional 15 days), including stating the reason if rejected or explanation of why Defendant could not do so within that time, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 13:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058, in that Defendant after receiving all items, statements, and forms reasonably requested and required under §542.055, delays payment of the claims for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by §542.060, except where it is found as a result of arbitration or litigation that a claims received by an insurer is invalid and should not be paid by the insurer, receiving all necessary information, Defendant did not delay in making payments for more than 60 days, as refuted in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 14:** Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claims made the basis of this Lawsuit, from the time of hiring through the present.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify by name or company name, address, and telephone number any engineer(s) and/or engineering company(s), used to evaluate Plaintiff's claim(s), the name(s) of each prior claims each such person(s) and/or company(s) worked for Defendant, the date(s) of the reports, and the address of the Property for which the inspection was done.

**ANSWER:**

### PLAINTIFF'S, LILIANA ARJONA-BAROCIO, REQUESTS FOR ADMISSIONS TO DEFENDANT, ASI LLOYDS

TO:     ASI LLOYDS, Defendant

NOW COMES LILIANA ARJONA-BAROCIO, Plaintiff in the above styled and numbered cause, and requires that ASI LLOYDS, Defendant, respond to the following Requests for Admissions, and Plaintiff requires that responses to same be served upon the undersigned no later than fifty (50) days after the date of the service hereof.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Defendant's principal place of business is Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Defendant conducts the business of insurance in Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Defendant insured Plaintiff's property that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Defendant insured Plaintiff's property against wind and hail damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Plaintiff's property sustained wind and/or hail damage as a result of the storm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Plaintiff's roof sustained wind and/or hail damage as a result of the storm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** The storm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's home causing damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** The storm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Defendant has unreasonably delayed payment to the Plaintiff's and failed to fairly settle Plaintiff's claims even though liability was reasonably clear.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Defendant, while aware that the damage to Plaintiff's property warranted replacement and not repair, misrepresented to Plaintiff that the damage did not need to be replaced with the intention that Plaintiff would rely on such misrepresentations.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Defendant's adjuster or claims service has been sued in the past five (5) years for the mishandling of claims.

**RESPONSE:**



**MONICA Z. NOTZON**
JUDGE, 111TH DISTRICT COURT
1110 VICTORIA SUITE #301 3RD FLOOR
LAREDO, TEXAS 78040
OFFICE (956)523-4230
FAX (956)523-5088

ABEL SOLIZ
CIVIL COURT COORDINATOR
(956)523-4226

FERNANDO RAMOS
BAILIFF
(956)523-4227

March 24, 2015

CAUSE NO.:   2015CVF000956 D2

STYLE:   LILIANA ARJONA BAROCIO

VS

ASI LLOYDS

## NOTICE OF CALENDAR CALL

Please take notice that this case is set for Calendar Call on ___06/04/2015___

at 11:00 AM at the 111th District Court, 3rd Floor, Webb County Justice Center.

All Calendar Call hearings will be in open Court and on the record before the Honorable Judge Monica Z. Notzon.  Your presence is **MANDATORY** unless Counsel for Plaintiff(s) and Defendant(s) have in place a pre-trial guideline order with both Counsel and Judge's signatures prior to calendar call date.  This guideline order should have all appropriate dates including pre-trial, jury selection and all deadlines.

Counsel for Plaintiff(s) please note that if you do not appear for calendar call your case may be dismissed for lack of prosecution.

Counsel for Defendant(s) please note that if you do not appear for calendar call, a pre-trial guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Abel Soliz
Civil Court Coordinator
111th District Court

DC:



**ESTHER DEGOLLADO**
CLERK OF THE DISTRICT COURTS
P.O. BOX 667
LAREDO, WEBB CO., TEXAS 78042-0667



OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**

7014 1820 0000 4946 5124



U.S. POSTAGE ▷ PITNEY BOWES

ZIP 78040   $ 008.03⁰
02 1R
0001364335 MAR 25 2015

RECEIVED
MAR 27 2015
TCCI

As I Lloyds
700 North Pearl St. 25th Floor
Dallas, Texas 75201-2825